# UNITED STATES DISTRICT COURT
Western District of Kentucky
Owensboro Division

| | |
|---|---|
| Jeffrey Asberry<br>*Plaintiff*<br><br>v.<br><br>The Cook Law Office, PLLC<br>*Defendant*<br>Serve:<br>    c/o John Owen Compton, Esq.<br>    148 Cude Lane<br>    Madison, TN 37115-2202 | Case No. 4:21-CV-125-JHM |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by Plaintiff Jeffrey Asberry as a consumer against Defendant The Cook Law Office, PLLC for its violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq*. which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURISDICTION and VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), and 28 U.S.C. § 2201. Venue is proper because the nucleus of facts and events at issue in this case arose in Ohio County, Kentucky where Plaintiff is domiciled and which is located in this district.

### PARTIES

3. Plaintiff Jeffrey Asberry is a natural person who resides in Ohio County, Kentucky and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant The Cook Law Office, PLLC ("Cook Law") is a Tennessee business that regularly collects debts on behalf of others, such as Heights Finance Corporation with principal business address located at 148 Cude Lane, Madison, TN 37115.

5. Cook Law regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and principal business purpose is the collection of debt therefore Cook Law is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. On September 28, 2020 Defendant The Cook Law Office, PLLC ("Cook Law") filed a legal action against Plaintiff Jeffrey Asberry ("Asberry") on behalf of Heights Finance Corporation ("Heights") in the Ohio District Court of Ohio County, Kentucky, case number 20-C-00215 in an attempt to collect a debt alleged to be due and owing to Heights (the "Heights Lawsuit"). A true and accurate copy of the complaint and exhibit filed in the Heights Lawsuit (the "Collection Complaint") is attached as Exhibit "A."

7. The alleged debt at the basis of the Heights Lawsuit was a personal loan used exclusively for personal, family, and/or household purposes which makes the Heights debt a "debt" within the meaning of the FDCPA.

8. The Collection Complaint alleged that Mr. Asberry owed a debt to Heights arising out of a personal loan made by Heights to Plaintiff Asberry by check which consisted of a negotiable check together with certain disclosures (the "Heights Check Loan"). Exhibit "A."

9. The copy of the Heights Check Loan attached to the Collection Complaint, as well as to subsequent filings in the Heights Lawsuit, did not bear Mr. Asberry's name, signature, address, or any other indicia which would relate Mr. Asberry to the alleged Heights Check Loan.

10. The alleged Heights Check Loan, as reflected by the document filed by Heights in support of its Collection Complaint, was a precomputed finance charge loan that included a liquidated finance charge of $852.97 added to the loan principal up-front, instead of accruing interest. The annual percentage rate ("APR"), which is the finance charge as a percentage of the Heights Check Loan, was a high 39.18%.

11. On November 2, 2021, Defendant Cook Law on behalf of Heights filed a motion for default judgment (the "Motion for Default") in the Heights Lawsuit. A true and accurate copy of the Motion for Default is attached as Exhibit "B."

12. The Motion for Default was not accompanied by any documents, affidavits, or other evidence which would support Heights' claim that Mr. Asberry was liable for the alleged Heights Check Loan.

13. The Motion for Default requested relief from the Ohio District Court as follows:

> Comes now the Plaintiff, by and through counsel, and pursuant to CR 55.01, moves the Court for a Judgment by Default against Defendant in the amount of $1,403.53 plus court costs in the amount of $237.50, plus reasonable attorney fees, plus interest accruing from the date of Complaint at the contractual rate of 36.000% and post-judgment interest at the contractual rate of 36.000% pursuant to KRS 360.040(3).

14. The alleged Heights Check Loan *does* provide for Heights to recover reasonable attorney's fees in the event of a default on the Heights Check Loan and referral of the loan for collection to an attorney not its salaried employee:

> unpaid balance at the rate of 30.00 % per annum until paid in full
> **DEFAULT.** You will be in default on this loan if you fail to make a payment in full when due. If you are in default, at our option, we may accelerate the due date of the entire unpaid balance, less any refund of the interest portion of the finance charge, making it immediately due and payable or we may exercise any right provided by law. If you default and we choose not to exercise a remedy, we do not lose the right to treat the event as a default if it happens again nor shall the acceptance of any payment after default constitute a waiver of such default. You agree to pay us the costs we incur to collect this loan, including reasonable attorney's fees if we refer this Note for collection to an attorney who is not our salaried employee and court costs

15. Under Kentucky law the determination of the reasonableness of an attorney's fee is a finding reserved to the court, which must apply factors to be found within SCR 3.130(1.5). *Capitol Cadillac Olds v. Roberts,* 813 S.W.2d 287, 293 (Ky. Ct. App 1991); *Gibson v. Kentucky Farm Bureau Mut. Ins. Co.*, 328 S.W.3d 195, 204 (Ky. Cy. App. 2010); *Key v. Mariner Finance, LLC,* 617 S.W.3d 819, 824 (Ky. Ct. App. 2020).

16. The Motion for Default, which consisted of a single page, was not accompanied by an affidavit of attorney's fees filed by attorneys of Cook Law or any other evidence upon which to determine what attorney's fee, if any, would be reasonable to award to Heights under the circumstances.

17. On November 2, 2020, the Ohio District Court granted the Motion for Default and entered the default judgment order tendered by Cook Law against Mr. Asberry (the "Default Judgment"). A true and accurate copy of the Default Judgment is filed as Exhibit "C."

18. The Default Judgment contained an attorney fee award by the court without evidence of reasonableness or the required finding by the court of the reasonableness of the attorney fee awarded mandated by Kentucky law. *See Key, id.,* citing *Capitol Cadillac Olds, Inc., id.*

19. The Default Judgment states in relevant part:

> **IT IS HEREBY ORDERED** that the Plaintiff be granted default judgment in this action against
>
> Defendant as follows:
>
> 1. Judgment in the amount of $1,403.53;
>
> 2. Court costs in the amount of $237.50;
>
> 3. Reasonable attorney fees in an amount equal to one third of monies collected;
>
> 4. Pre- judgment contractual rate of 36.000% and post-judgment interest at the contractual rate of 36.000% pursuant to KRS 360.040(3);

20.     On its face the award of attorney's fees in the Default Judgment awards Cook Law is open ended and unliquidated by awarding Heights attorney fees of "an amount equal to one third of monies collected", thus making the Default Judgment not final and unenforceable.

21.     Because the attorney fee awarded by the Default Judgment is open ended, unliquidated, and a term to which Plaintiff Asberry did not agree to in the credit contract between him and Heights, the award of "attorney fees in amount equal to one third of monies collected" could only be reasonable if, and only if, such attorney fee award is deducted from the principal amount awarded against Plaintiff to Heights by the Default Judgment.

22.     Objectively, the text of the Default Judgment by its own words does not (as it must not to be lawful) authorize any amount of attorney fees to be *added* to the principal amount awarded to Heights but instead *only recognizes* what percentage share of the "monies collected" Cook Law is entitled to be paid by Heights as its attorneys fee.

23.     The award of attorney fees in the Default Judgment as a contingency attorney fee award of "one third of monies collected" contingent upon the money that might be collected and added to Plaintiff's debt running at an annual interest rate of 36% and to which Plaintiff did not agree is specifically prohibited under *Key, id.*

24.     On November 19, 2020, Heights, by and through its counsel Cook Law, recorded a Notice of Judgment Lien with the Ohio County Clerk pursuant to the Default Judgment (the "Judgment Lien"). A true and accurate copy of the recorded Judgment Lien is attached as Exhibit "D."

25.     The Judgment Lien alleged that as of the date of the lien, the amount Mr. Asberry owed on the Default Judgment was $2,183.26:

# JUDGMENT BALANCE AMT. $2,183.26
# INTEREST RATE 36.000% FROM 11/2/2020

26. The amount of $2,183.26 stated as due and owing on the Default Judgment in the Judgment Lien as of November 19, 2020 grossly overstates the amount due that could be inferred from the face of the judgment.

27. The Default Judgment does not state a date from which interest at 36.00% on the principal amount of $1,403.53 is supposed to accrue. If one interprets this date to be the date of entry of the Default Judgment, then the Default Judgment would have accrued just $23.53 in interest by November 19, 2020, the date of recording of the Judgment Lien, seventeen (17) days after entry of the Default Judgment (($1,403.53 x 0.36)/365 x 17 = $23.53), yielding a judgment total of $1,664.56 (=$1,403.53 principal + $237.50 costs + $23.53 interest).

28. If one interprets the Default Judgment to authorize accrual of interest from the date of filing of the Collection Complaint on September 28, 2020, which is the relief the Motion for Default Judgment demanded, the Default Judgment would have accrued just $71.98 in interest by November 19, 2020, the date of recording of the Judgment Lien, seventy-one (71) days after entry of the Default Judgment (($1,403.53 x 0.36)/365 x 71 = $71.98), yielding a judgment total of $1,713.01 (=$1,403.53 principal + $237.50 costs + $71.98 interest).

29. The Judgment Lien thus overstates the amount due and owing under the plain language of the Default Judgment by at least $470.25.

30. Upon information and belief, the additional amount added to the alleged total due and owing stated in the Judgment Lien represents attorney's fees *improperly added* to the judgment debt by Cook Law in contravention of the plain language of the Default Judgment.

31. On October 7, 2021, Plaintiff Asberry, by counsel, moved to vacate the Default Judgment which motion was granted by the Ohio District Court which vacated the Default Judgment on October 29, 2021 (the "Order Vacating"). A true and accurate copy of the Order Vacating is attached as Exhibit "E."

32. The ten (10) days to stay finality of the Order Vacating by filing a motion to alter, amend, or vacate the order under Ky. R. Civ. P. 59.05 have elapsed without the filing of such a motion by Cook Law or any other party on Heights' behalf.

33. As of the date of filing of this Complaint, neither Heights nor Cook Law has

recorded a release of the Judgment Lien, which is now invalid due to the Order Vacating, which vacated the Default Judgment in its entirety.

34. Plaintiff Asberry owns real property in Ohio County, Kentucky which has been encumbered by the now-invalid Judgment Lien.

35. Maintaining an invalid judgment lien on a consumer's property arising out of a "debt" within the meaning of the FDCPA violates the FDCPA. *Currier v. First Resolution Inv. Corp.,* 762 F.3d 529, 535 (6th Cir. 2014).

36. Cook Law violated the FDCPA by (a) attempting to collect attorney's fees from Plaintiff Asberry which were not awarded by the court in the Heights Lawsuit, and (b) maintaining an invalid judgment lien on his property after the Default Judgment was vacated, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

## CLAIMS FOR RELIEF

37. The foregoing acts and omissions of The Cook Law Office, PLLC ("Cook Law") constitute violations of the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. Cook Law violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute. Cook Law's violations of the FDCPA include, but are not limited to, the following:

    **i.** **Violation of 15 U.S.C. § 1692e(2)(A)** by falsely representing in the Judgment Lien that Heights was entitled to an amount well in excess of that awarded by the Default Judgment, which amount included improper attorney's fees not awarded by the Ohio District Court.

    **ii.** **Violation of 15 U.S.C. § 1692e(2)(B)** by falsely representing in the Judgment Lien that Heights was entitled to an amount well in excess of that awarded by the Default Judgment, which amount included improper attorney's fees not awarded by the Ohio District Court.

    **iii.** **Violation of 15 U.S.C. § 1692e(5) (threatening to take an action that cannot be legally taken to collect a debt)** by (a) falsely representing in the Judgment Lien that Heights was entitled to an amount well in excess of that awarded by the Default Judgment, which amount included improper attorney's fees not awarded by the Ohio District Court, and (b) maintaining an invalid judgment lien on Mr. Asberry's property.

  **iv.**  **Violation of 15 U.S.C. § 1692e(10)** by falsely representing in the Judgment Lien that Heights was entitled to an amount well in excess of that awarded by the Default Judgment, which amount included improper attorney's fees not awarded by the Ohio District Court.

  **v.**  **Violation of 15 U.S.C. § 1692f** by (a) falsely representing in the Judgment Lien that Heights was entitled to an amount in excess of the amount awarded by the Default Judgment, which amount included improper attorney's fees added to Plaintiff's Judgement Debt not awarded by the Ohio District Court, and (b) maintaining an invalid judgment lien against the property of Plaintiff Asberry.

  **vi.**  **Violation of 15 U.S.C. § 1692f(1)** by (a) falsely representing in the Judgment Lien that Heights was entitled to an amount well in excess of that awarded by the Default Judgment, which amount included improper attorney's fees not awarded by the Ohio District Court, and (b) maintaining an invalid judgment lien on Mr. Asberry's property.

## PRAYER FOR RELIEF

**WHEREFORE**, based upon his facts and claims pleaded *supra*, Plaintiff Jeffrey Asberry requests that the Court grant him the following relief:

1.  Award Plaintiff the maximum statutory damages of one thousand dollars ($1,000) permitted under the FDCPA pursuant to 15 U.S.C. §1692k;

2.  Award Plaintiff his actual damages;

3.  Award Plaintiff his reasonable attorney's fees and costs;

4.  A trial by jury; and

5.  Such other relief as the Court may adjudge just and proper.

      Submitted by:

      /s/ James R. McKenzie
      James R. McKenzie
      *James R. McKenzie Attorney, PLLC*
      115 S. Sherrin Avenue, Suite 5
      Louisville, KY 40207
      Tel: (502) 371-2179
      Fax: (502) 257-7309
      E-mail: jmckenzie@jmckenzielaw.com